# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 15, 2022

Lyle W. Cayce
Clerk

No. 21-60035
Summary Calendar

Roydis Barahona-Flores,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 363 610

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Roydis Barahona-Flores, a native and citizen of El Salvador, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her application for withholding of removal. We review the BIA's decision and consider the immigration judge's decision

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60035

only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). The substantial evidence standard is used when considering findings of fact, including the denial of withholding of removal. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under the substantial evidence standard, this court may not overturn a factual finding unless "the evidence compels a contrary result." *Martinez-Lopez v. Barr*, 943 F.3d 766, 769 (5th Cir. 2019).

Because Barahona-Flores fails to challenge the BIA's conclusion that she showed no nexus between her proposed particular social group and the harm she suffered, she has both waived any argument she may have had to this conclusion and failed to show that substantial evidence compels a conclusion contrary to that of the BIA on the issue whether she showed eligibility for withholding. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 228 (5th Cir. 2019); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Because she did not present her argument concerning membership in the *Mendez-Rojas*[1] class, it is unexhausted, and we lack jurisdiction to consider it. *See Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009); 8 U.S.C. § 1252(d). The petition for review is DENIED in part and DISMISSED in part for want of jurisdiction.

---

[1] *Mendez-Rojas v. Johnson*, 305 F. Supp. 3d 1176 (W.D. Wash. 2018).